UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JOEL BAKER,<br><br>    Plaintiff,<br><br>    v.<br><br>CLERK, BOARD OF SUPERVISORS ALAMEDA COUNTY, et al.,<br><br>    Defendants. | Case No. 16-cv-03522-LB<br><br>**ORDER TO SUPPLEMENT FILINGS**<br>Re: ECF No. 1 |

### INTRODUCTION

Plaintiff Joel Baker filed a notice of removal. (*See* Notice – ECF No. 1.) He also filed an application to proceed *in forma pauperis*, which the undersigned granted. The document attached to his notice of removal — and apparently the case he removes — is his request for judicial notice apparently related to his own petition for a writ of mandamus against the Board of Supervisors. (*See* ECF No. 1 at 3.) In his removal notice, and in his request for judicial notice, he complains of the wrongful foreclosure of his property. (*See id.*) His civil cover sheet references that foreclosure and other claims such as tort and civil-rights violations. (*See* ECF No. 1-3.) The basis for those claims is not obvious from his filings.

Only a defendant may remove a case from state court; it is not apparent that Mr. Baker is able to remove his case because he appears to be the petitioner there. Moreover, the removal notice does not attach the state complaint, and the court thus cannot tell whether there is any basis for

ORDER (No.16-cv-03522-LB)

1  federal jurisdiction. The court gives Mr. Baker two weeks to supplement his filing so that the court
2  may evaluate its jurisdiction.

## GOVERNING LAW

**1. *Sua sponte* screening — 28 U.S.C. § 1915(e)(2)**

The court recently granted the plaintiff leave to proceed *in forma pauperis*. (ECF No. 8.) A complaint filed by any person proceeding *in forma pauperis* under 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent that it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). Section 1915(e)(2) mandates that the court reviewing an *in forma pauperis* complaint make and rule on its own motion to dismiss before directing the United States Marshal to serve the complaint pursuant to Federal Rule of Civil Procedure 4(c)(2). *Lopez*, 203 F.3d at 1127. The Ninth Circuit has noted that "[t]he language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Under Rule 12(b)(6) and § 1915(e)(2)(B), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Rule 8(a)(2) requires that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (internal quotation omitted); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain "detailed factual allegations," but the plaintiff must "provide the 'grounds' of his 'entitle[ment]' to relief," which "requires more than labels and conclusions"; a mere "formulaic recitation of the elements of a cause of action" is insufficient. *Twombly*, 550 U.S. at 555.

In determining whether to dismiss a complaint under Rule 12(b)(6), the court is ordinarily limited to the face of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Factual allegations in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the plaintiff. *Cahill v. Liberty Mut. Ins.*

ORDER (No.16-cv-03522-LB)   2

1  *Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The court cannot assume, however, that "the [plaintiff]
2  can prove facts that [he or she] has not alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State*
3  *Council of Carpenters*, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true
4  allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable
5  inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

6  When dismissing a case for failure to state a claim, the Ninth Circuit has "repeatedly held that
7  a district court should grant leave to amend even if no request to amend the pleading was made,
8  unless it determines that the pleading could not possibly be cured by the allegation of other facts."
9  *Lopez*, 203 F.3d at 1130 (internal quotations omitted).

10  **2. Removal Jurisdiction**

11  The right to remove a case to federal court is vested exclusively in the defendant or
12  defendants. 28 U.S.C. § 1441(a). A plaintiff who has chosen to file a case in state court generally
13  cannot later remove to federal court, even to defend against a counterclaim or cross-claim. *See*
14  *Progressive West Ins. Co. v. Preciado*, 479 F.3d 1014, 1017 (9th Cir. 2007.)

15  **ANALYSIS**

16  Preliminarily, it appears that Mr. Baker initiated the case in state court. If that is so, he cannot
17  remove it because only a defendant can. That said, it is possible that the court is mistaken and
18  there is a different procedural posture in state court. If Mr. Baker wants to proceed with his case
19  here, he must attach a filed copy of the complaint that he is attempting to remove. Alternatively, if
20  the procedural posture of his case means that he can proceed only in state court, he may submit a
21  notice of voluntary dismissal, which will result in the dismissal of his case here without prejudice
22  to his proceeding in state court or seeking relief in another forum.

23  The court also advises Mr. Baker that a case that begins in state court can be removed to
24  federal court only if it could have been filed in federal court too. *See* 28 U.S.C. § 1441(a); *Exxon*
25  *Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 563 (2005). For example, a defendant can
26  remove a case to federal court based on diversity jurisdiction. *See* 28 U.S.C. § 1441(b). For
27  diversity jurisdiction to exist, there must be complete diversity among opposing parties, and the
28  amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

1  From the face of the removal documents, which involve a case between citizens of California,
2  there is no diversity jurisdiction.

3  A defendant also may remove a case to federal court if there is federal-question jurisdiction. 28
4  U.S.C. 1441(a). Assuming there is a removable complaint, the court cannot tell whether there is
5  federal-question jurisdiction for several reasons.

6  First, it is unclear what claims the plaintiff asserts. He refers to wrongful tax assessments, and
7  the notice of removal talks about foreclosure and the fact that Mr. Baker was given five minutes to
8  vacate his property. But the court cannot tell exactly what happened, or when, and why Mr. Baker
9  thinks the County is responsible.

10  Second, he does not identify any legal basis for his claims. He checks some boxes on the civil
11  cover sheet, but he does not specify the claims themselves (including whether they arise under
12  state or federal law). This means that the plaintiff does not identify the basis for federal
13  jurisdiction.

14  Third, the documents attached to the notice of removal do not illuminate the landscape much.
15  The court cannot tell how these documents are related to a filed state case. It is the plaintiff's
16  responsibility to make the claims obvious to the court.

17  Given that the court construes *pro se* pleadings liberally, the undersigned will give Mr. Baker
18  an opportunity to cure these deficiencies and thus grants leave to file any supplemental filings
19  bearing on the court's jurisdiction within two weeks.

## CONCLUSION

21  Mr. Baker has until July 14 to supplement his removal. If he fails to do so, he risks dismissal
22  of his case for lack of federal subject-matter jurisdiction.

23  **IT IS SO ORDERED.**

24  Dated: June 28, 2016

_____
LAUREL BEELER
United States Magistrate Judge